# Exhibit  A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| JAISIIN BETHEA, FREDDIE GONZALEZ, JASON GUISHARD, OMAR HARRIS, ALEX MASS, and RODNEY VANTERPOOL, individually, | Index No.: Date purchased: **07100672** |
| Plaintiffs, | Plaintiff designates New York County as the place of trial. |
| -against- | The basis of the venue is defendants' principal place of business. |
| EQUINOX FITNESS CLUB, EQUINOX HOLDINGS, INC., THE EQUINOX GROUP, INC, EQUINOX COLUMBUS CENTRE, INC., BROADWAY EQUINOX, INC., EQUINOX 63RD STREET, INC., EQUINOX WALL STREET, INC., EQUINOX GREENWICH AVENUE, INC., EQUINOX TRIBECA INC., DENISE BERG, | **SUMMONS** Plaintiffs reside at various counties. |
| Defendants. | |

*FILED*
*JAN 16 2007*
*NEW YORK*
*COUNTY CLERKS OFFICE*

TO THE ABOVE NAMED DEFENDANTS:

> YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      January 15, 2007

                                HERZFELD & RUBIN, P.C.

                                By:_____
                                    Peter J. Kurshan
                                    Attorneys for Plaintiffs
                                    40 Wall Street
                                    New York, New York 10005
                                    (212) 471-8500

Defendants' addresses: (Attached)

EQUINOX FITNESS CLUB
895 Broadway - 3rd Floor
New York, NY 10003

EQUINOX HOLDINGS, INC.
895 Broadway - 3rd Floor
New York, NY 10003

THE EQUINOX GROUP, INC,
895 Broadway - 3rd Floor
New York, NY 10003

EQUINOX COLUMBUS CENTRE, INC.
895 Broadway - 3rd Floor
New York, NY 10003

BROADWAY EQUINOX, INC.
895 Broadway - 3rd Floor
New York, NY 10003

EQUINOX 63RD STREET, INC.
895 Broadway - 3rd Floor
New York, NY 10003

EQUINOX WALL STREET, INC.
895 Broadway - 3rd Floor
New York, NY 10003

EQUINOX GREENWICH AVENUE, INC.
895 Broadway - 3rd Floor
New York, NY 10003

EQUINOX TRIBECA INC.
895 Broadway - 3rd Floor
New York, NY 10003

DENISE BERG
895 Broadway - 3rd Floor
New York, NY 10003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| JAISIIN BETHEA, FREDDIE GONZALEZ, JASON GUISHARD, OMAR HARRIS, ALEX MASS,and RODNEY VANTERPOOL, individually, | Index No. |
|---|---|
| Plaintiffs, | COMPLAINT |
| -against- | |
| EQUINOX FITNESS CLUB, EQUINOX HOLDINGS, INC., THE EQUINOX GROUP, INC, EQUINOX COLUMBUS CENTRE, INC., BROADWAY EQUINOX, INC., EQUINOX 63RD STREET, INC., EQUINOX WALL STREET, INC., EQUINOX GREENWICH AVENUE, INC., EQUINOX TRIBECA INC., DENISE BERG, | 07100672 |



Defendants.

Plaintiffs, by their attorneys, HERZFELD & RUBIN, P.C., complaining of

defendants, allege upon information and belief, as follows:

1. At all relevant times, plaintiff, JAISIIN BETHEA, was and still is

a resident of the County of Bronx, State of New York.

2. At all relevant times, plaintiff, FREDDIE GONZALEZ, was and

still is a resident of the County of New York, State of New York.

3. At all relevant times, plaintiff, JASON GUISHARD, was a

resident of the County of Bronx, State of New York and currently resides in South

Carolina.

4.      At all relevant times, plaintiff, OMAR HARRIS, was a resident of the County of Bronx, State of New York and currently resides in North Carolina.

5.      At all relevant times, plaintiff, ALEX MASS, was a resident of the County of Bronx, State of New York and currently is a resident of Prince William County, State of Virginia.

6.      At all relevant times, plaintiff, RODNEY VANTERPOOL, was a resident of the County of New York and currently is a resident of the County of Fredrick, State of Maryland.

7.      At all relevant times, and upon information and belief, defendant, EQUINOX HOLDINGS, INC., was and is a foreign corporation with principal offices at 895 Broadway, in the City and State of New York ("Equinox").

8.      At all relevant times, and upon information and belief, defendant, EQUINOX FITNESS CLUB, was and is a foreign corporation with principal offices at 895 Broadway, in the City and State of New York and a subsidiary of Equinox.

9.      At all relevant times, and upon information and belief, defendant, THE EQUINOX GROUP, INC., was and is a domestic corporation and a subsidiary of Equinox.

10.     At all relevant times, and upon information and belief, defendant, EQUINOX COLUMBUS CENTRE, INC. was and is a domestic corporation and a subsidiary of Equinox.

11.     At all relevant times, and upon information and belief, defendant, BROADWAY EQUINOX, INC., was and is a domestic corporation and a subsidiary of Equinox.

12.     At all relevant times, and upon information and belief, defendant, EQUINOX 63RD STREET, INC., was and is a domestic corporation and a subsidiary of Equinox.

13.     At all relevant times, and upon information and belief, defendant, EQUINOX WALL STREET, INC., was and is a domestic corporation and a subsidiary of Equinox.

14.     At all relevant times, and upon information and belief, defendant, EQUINOX GREENWICH AVENUE, INC., was and is a domestic corporation and a subsidiary of Equinox.

15.     At all relevant times, and upon information and belief, defendant, EQUINOX TRIBECA INC., was and is a domestic corporation and a subsidiary of Equinox.

16.     At all relevant times, and upon information and belief, DENISE BERG, was a General Manager of an Equinox fitness club located at Columbus Circle, New York, vested with full decision making authority for such facility and responsible for working conditions at such location.

17.     At all relevant times, plaintiffs, each a member of a protected class, were employed by defendants to perform maintenance and related duties at defendants' places of business which are generally health and fitness facilities ("Clubs").

### FIRST CAUSE OF ACTION

18.     Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 17 as though fully set forth herein.

19.     During their employment, each of the plaintiffs were compelled to work in a sexually harassing, intimidating, discriminatory and hostile work environment as proscribed in and in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

20.     At all relevant times, defendants were aware of, condoned, and acquiesced to the existence of the aforesaid hostile and discriminatory work environment which included, but was not limited to, compelling plaintiffs to witness, be exposed to and otherwise clean up after explicit sexual activities and behavior, which unreasonably interfered with the work and duties of plaintiffs.

21.     As part of their duties and responsibilities, plaintiffs were responsible for and charged with maintenance and janitorial duties in the men's locker, steam and sauna rooms, and in the course of their employment, they were compelled to be exposed to inappropriate sexual behavior and activities, despite ongoing complaints having been made by plaintiffs and club members to defendants.

22.     Plaintiffs were compelled to clean up and maintain, *inter alia*, the steam, sauna and changing areas in the clubs which included cleaning up and handling bodily fluids, and towels and clothing containing such fluids.

23.     Despite knowledge and notice of such inappropriate sexual activities that were taking place on an ongoing and regular basis, at no time did defendants take appropriate action to correct or otherwise prohibit the aforesaid behavior and activities, nor did they limit or alter plaintiffs' responsibilities to avoid causing plaintiffs to be exposed to and to clean up after such inappropriate sexual behavior.

24.     Defendants failed to act appropriately following repeated complaints about this activity from plaintiffs and club members, acting with reckless indifference to the fact that it was taking place and compromising the safety and security of plaintiffs' work environment.

25.     As a consequence of such activities and defendants' disregard for the health and welfare of plaintiffs, plaintiffs' workplace was permeated with abusive, hostile and discriminatory intimidation, and ridicule and insult that was so severe and sexually harassing that it irreparably changed the work environment.

26.     By reason of the foregoing, the plaintiffs have been pecuniarly damaged as a result of this hostile work environment, in an amount to be proven at trial and determined by a jury to be fair, adequate and just together with punitive damages, attorneys fees and interest.

## SECOND CAUSE OF ACTION

27.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 26 hereof as though fully set forth herein.

28.     During their employment, plaintiffs were compelled to work in a harassing and hostile work environment in violation of New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.*

29.     Said hostile work environment included causing plaintiffs to witness or otherwise be exposed to inappropriate, lewd, embarrassing and humiliating sexual behavior and activities occurring in the showers, saunas, steam and locker rooms of defendants' clubs.

30.     At no time did defendants take reasonable nor suitable action to correct or otherwise address the inappropriate sexual behavior and activities occurring at the clubs, nor did defendants limit or alter plaintiffs' responsibilities to avoid causing plaintiffs to be exposed to and to clean up after such inappropriate sexual behavior. Defendants failed to take appropriate action following complaints about this activity from plaintiffs and club members, acting with a reckless indifference to its taking place due to the fact that such activity encouraged and promoted the use of the fitness clubs, to the financial benefit of defendants, albeit to the detriment of plaintiffs.

31.     Plaintiffs' workplace was sufficiently permeated with discriminatory intimidation, ridicule, and insult so severe and pervasive as to alter plaintiffs' condition of work environment and made such work environment sexually harassing, hostile and oppressive.

32.     As a consequence of the foregoing, plaintiffs have been damaged and are entitled to recover in accordance with, *inter alia*, Executive Law, § 290, *et seq.* in an amount to be determined at trial, with costs, attorneys fees, interest and expenses.

### THIRD CAUSE OF ACTION

33.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 32 hereof as though fully set forth herein.

34.     During their employment, plaintiffs were compelled to work in a sexually harassing and hostile work environment in violation of the New York City Human Rights Law, Administrative Code of the City of New York §§ 8-10 *et seq.*, and as a consequence, were damaged.

35.     Plaintiffs seek compensation and punitive damages as are available under the New York City Human Rights Law, Administrative Code of the City of New York §§ 8-10, in an amount to be determined at trial, with costs, attorneys fees, interest and expenses.

### FOURTH CAUSE OF ACTION

36.     Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 35 hereof as though fully set forth herein.

37.     Defendants negligently acted and/or omitted to act with regard for the rights of plaintiffs, thereby making plaintiffs' working conditions intolerable, creating a sexually harassing and hostile work environment.

38.     As a consequence of the foregoing, plaintiffs have been damaged and are entitled to recover as a result of, *inter alia*, their constructive discharge, in an amount to be determined at trial, with punitive damages, costs and attorneys fees.

### FIFTH CAUSE OF ACTION

39.     Plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 38 hereof as though fully set forth herein.

40.     During the term of their employment, plaintiffs were compelled to work in a sexually harassing and hostile work environment in violation of, upon information and belief, defendants' sexual harassment policy, thereby breaching plaintiffs' employment rights.

41.     Employer responsibilities in said sexual harassment policy included: advising employees to be aware of what options they have if they witness or are victims of sexual harassment; investigating all sexual harassment charges immediately;

taking corrective action as necessary; prohibiting retaliation against employees who make reports of harassment; and following up on all matters to ensure that no further harassment occurs.

42.    To the best of the knowledge of plaintiffs, there has been an abject failure on the part of defendants as employers to implement such policies, tantamount to a material breach of plaintiffs' employment rights.

43.    Consequently, by reason of the foregoing, plaintiffs have been pecuniarly damaged as a result of defendants' breach of employment rights, in an amount to be determined by a jury to be fair, adequate and just.

WHEREFORE, plaintiffs demand judgment against defendant, Equinox Holdings, Inc., Equinox Fitness Club, The Equinox Group, Inc., Equinox Columbus Centre, Inc., Broadway Equinox, Inc., Equinox 63rd Street, Inc., Equinox Wall Street, Inc., Equinox Greenwich Avenue, Inc., Denise Berg and Equinox Tribeca Inc, on the First, Second, Third, Fourth and Fifth Causes of Action together, with the costs of this action and such other relief as may be just and proper.

Dated: January 15, 2007

Herzfeld & Rubin, P.C.
Attorneys for Plaintiffs

By: _____
    Peter J. Kurshan
    40 Wall Street
    New York, New York 10005
    212-471-8500

## VERIFICATION

STATE OF NEW YORK     )
                               ) ss.:

COUNTY OF NEW YORK   )

        JAISIIN BETHEA, being sworn, says:

        I am a plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

<br>

                                          JAISIIN BETHEA

Sworn to before me this
/5ᵗʰ day of January 2007

Notary Public
Peter J Kurshan
Notary Public, State of New York
No. 02KU5018131
Qualified in New York County
Commission Expires September 20, 2009

VERIFICATION

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF NEW YORK           )

FREDDIE GONZALEZ, being sworn, says:

I am a plaintiff in the within action; I have read the foregoing Complaint and
know the contents thereof; the same is true to my own knowledge, except as to the matters
therein stated to be alleged on information and belief, and as to those matters I believe them to be
true.

_____
FREDDIE GONZALEZ

Sworn to before me this
/5ᵗʰ day of January 2007

_____
Notary Public
Peter J. Kushan
Notary Public, State of New York
No. 02KU5017131
Qualified in New York County
Commission Expires September 20, 2009

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

JASON GUISHARD, being sworn, says:

I am a plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_JASON GUISHARD_

Sworn to before me this
15⁴ᵗʰ day of January 2007

_Notary Public_
Peter J. Kurshan
Notary Public, State of New York
No. 02 KU5018131
Qualified in New York County
Commission Expires September 20, 2009

## VERIFICATION

STATE OF NEW YORK        )
                                    ) ss.:

COUNTY OF NEW YORK    )

        OMAR HARRIS, being sworn, says:

        I am a plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                                        OMAR HARRIS

Sworn to before me this
15th day of January 2007

        Notary Public

Peter J. Kurshan
Notary Public, State of New York
No. 02 KU 5018131
Qualified in New York County
Commission Expires September 20, 2009

## VERIFICATION

STATE OF NEW YORK     )
                                   ) ss.:

COUNTY OF NEW YORK    )

         ALEX MASS, being sworn, says:

         I am a plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
ALEX MASS

Sworn to before me this
/5ᵗʰ day of January 2007

_____
Notary Public
Peter J. Kurshan, Notary Public, State of New York
No. 02 KU 5018131
Qualified in New York County
Commission Expires September 20, 2009

## VERIFICATION

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

RODNEY VANTERPOOL, being sworn, says:

I am a plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
RODNEY VANTERPOOL

Sworn to before me this
15th day of January 2007

_____
Notary Public
Peter I. Kurshan
Notary Public, State of New York
No. 02 KU 5018131
Qualified in New York County
Commission Expires September 20, 2009

HERZFELD   RUBIN, P.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK·

Index No.                          Year 20

JAISIIN BETHEA, FREDDIE GONZALEZ, JASON GUISHARD, OMAR HARRIS, ALEX MASS,
and RODNEY VANTERPOOL, individually,

                                        Plaintiffs,

        -against-

EQUINOX FITNESS CLUB,EQUINOX HOLDINGS, INC., THE EQUINOX GROUP, INC,
EQUINOX COLUMBUS CENTRE, INC., BROADWAY EQUINOX, INC., EQUINOX 63RD
STREET, INC., EQUINOX WALL STREET, INC., EQUINOX GREENWICH AVENUE, INC.,
EQUINOX TRIBECA INC., DENISE BERG,

                                        Defendants.

## SUMMONS AND COMPLAINT

HERZFELD & RUBIN, P.C.

*Attorneys for*

*Office and Post Office Address, Telephone*

40 WALL STREET
NEW YORK, N. Y. 10005-2349
(212) 471-8500

To

Attorney(s) for

Service of a copy of the within                          is hereby admitted.

Dated,

................................................................
                                Attorney(s) for

Sir:—Please take notice
☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                  20
☐ **NOTICE OF SETTLEMENT**

that an order                          of which the within is a true copy will be presented for
settlement to the HON.                                              one of the judges
of the within named court, at
on                  20       at                  M.

Dated,

                                Yours, etc.

HERZFELD & RUBIN, P.C.