ALLAN S. BLOOM (AB-4125)
JENNIFER L. BARTLE (JB-3589)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAISIIN BETHEA, FREDDIE GONZALEZ, JASON GUISHARD, OMAR HARRIS, ALEX MASS, and RODNEY VANTERPOOL, individually,<br><br>      Plaintiffs,<br><br>- against -<br><br>EQUINOX FITNESS CLUB INC., EQUINOX HOLDINGS, INC., THE EQUINOX GROUP, INC., EQUINOX COLUMBUS CENTRE, INC., BROADWAY EQUINOX, INC., EQUINOX 63RD STREET, INC., EQUINOX WALL STREET, INC., EQUINOX GREENWICH AVENUE, INC., EQUINOX TRIBECA INC., and DENISE BERG,<br><br>      Defendants. | 07 Civ. 2018 (JSR) (DCF)<br><br>**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS' MOTION FOR <u>SUMMARY JUDGMENT</u>**<br>**(L. Civ. R. 56.1)** |

  Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1, Defendants Equinox Fitness Club Inc., Equinox Holdings, Inc., The Equinox Group, Inc., Equinox Columbus Centre, Inc., Broadway Equinox, Inc., Equinox 63rd Street, Inc., Equinox Wall Street, Inc., Equinox Greenwich Avenue, Inc., Equinox Tribeca Inc., and Denise Berg (collectively,

"Defendants"), respectfully submit this statement of undisputed material facts in support of their motion for summary judgment.[1]

1. Mass was employed at Equinox's Wall Street club and Columbus Circle club. **Mass Dep.**[2] **89:15-25, 90:1-6.**

2. Bethea was employed at Equinox's Columbus Circle club. **Bethea Dep.**[3] **48:12-13.**

3. Gonzalez was employed at Equinox's 63rd Street club, Wall Street club, Graybar club, Greenwich club, and Columbus Circle club. **Gonzalez Dep.**[4] **26:9-13, 31:23-25, 35:7-8, 36:18-19, 38:3-4.**

4. Guishard was employed at Equinox's Columbus Circle club. **Guishard Dep.**[5] **37:18-22.**

5. Harris was employed at Equinox's Columbus Circle club. **Harris Dep.**[6] **25:16-17.**

6. Vanterpool was employed at Equinox's 63rd Street club, 54th Street club, and Greenwich club. **Vanterpool Dep.**[7] **30:7-10, 34:4-7, 41:16-17.**

---

[1] The facts set forth herein are offered as true and undisputed solely for purposes of Defendants' motion.

[2] "Mass Dep." refers to the transcript of Plaintiff Mass's October 5, 2007 and October 17, 2007 deposition, excerpts from which are attached as Exhibit F to the Bloom Affirmation.

[3] "Bethea Dep." refers to the transcript of Plaintiff Bethea's October 4, 2007 deposition, excerpts from which are attached as Exhibit B to the Bloom Affirmation.

[4] "Gonzalez Dep." refers to the transcript of Plaintiff Gonzalez's October 3, 2007 deposition, excerpts from which are attached as Exhibit C to the Bloom Affirmation.

[5] "Guishard Dep." refers to the transcript of Plaintiff Guishard's October 2, 2007 deposition, excerpts from which are attached as Exhibit D to the Bloom Affirmation.

[6] "Harris Dep." refers to the transcript of Plaintiff Harris's October 2, 2007 deposition, excerpts from which are attached as Exhibit E to the Bloom Affirmation.

7. Bethea reported to Mass during his employment at Equinox. **Bethea Dep. 47:17-25; Mass Dep. 64:24-25, 65:1-4.**

8. Gonzalez reported to Mass during his employment at Equinox. **Gonzalez Dep. 35:11-12; Mass Dep. 65:5-23.**

9. Guishard reported to Mass during his employment at Equinox. **Guishard Dep. 44:19-23; Mass Dep. 66:14-19.**

10. Harris reported to Mass during his employment at Equinox. **Harris Dep. 33:24-25, 34:1-2; Mass Dep. 66:20-25, 67:1-4.**

11. Defendant Denise Berg was at one time the General Manager of Equinox's Columbus Circle club. **Mass Dep. 96:7-10.**

12. Equinox's Membership Agreement states that: "Equinox reserves the right to cancel this membership at any time in the event that the member engages in behavior that is unsafe or objectionable to other members or Equinox staff." **Bloom Aff. Ex. L ¶ 21.**

13. Equinox has cancelled members for engaging in inappropriate conduct, including sexual activity. **Bloom Aff. Ex. N.**

14. Equinox hired Mass to work as a Maintenance Associate at the Wall Street Club in November 2000. **Mass Dep. 74:2-5.**

15. Mass did not witness any inappropriate sexual activities in the men's locker, steam, and sauna room until after he began working as the Maintenance Manager at the Columbus Circle club in April 2004. **Mass Dep. 170:3-24.**

---

[7] "Vanterpool Dep." refers to the transcript of Plaintiff Vanterpool's October 3, 2007 deposition, excerpts from which are attached as Exhibit G to the Bloom Affirmation.

16. Mass complained about sexual activities by male club members approximately 50 times. **Mass Dep. 309:22-25.**

17. Based on Mass' complaints, Equinox cancelled approximately 20 members. **Mass Dep. 295:17-20, 310:4-7.**

18. In May 2005, Mass began a medical leave of absence for Hepatitis. **Mass Dep. 23:18-20.**

19. Mass accepted a job at Gold's Gym in Virginia in September 2005. **Mass Dep. 194:16-18.**

20. No Equinox manager ever said anything to Mass that he found offensive based on his gender. **Mass Dep. 202:5-9.**

21. In September 2004, Equinox hired Bethea as a Maintenance Associate at its Columbus Circle club. **Bethea Dep. 18:14-16, 26:22-24.**

22. Bethea complained about sexual activities on the part of members to Mass or to another manager. **Bethea Dep. 81:8-23, 82:12-16, 90:4-5.**

23. In April 2005, Bethea resigned his employment at Equinox. **Bethea Dep. 122:21-25, 123:1-2.**

24. No Equinox manager ever said anything to Bethea that he found offensive based on his gender. **Bethea Dep. 140:19-25, 141:1-2.**

25. In November 1999, Equinox hired Gonzalez as a Maintenance Associate at its 63rd Street club. **Gonzalez Dep. 26:9-13.**

26. Gonzalez complained about sexual activities occurring at the clubs he worked at during his employment. **Gonzalez Dep. 35:17-18, 38:15-17, 49:3-5, 49:7-9.**

27. Gonzalez witnessed three men engaging in sexual behavior in a co-ed Jacuzzi, located in a common area of the Wall Street club. **Gonzalez Dep. 71:18-25, 72:1-17.**

28. Gonzalez resigned from Equinox in May 2005. **Gonzalez Dep. 100:25, 101:1-3.**

29. No Equinox manager ever said anything to Gonzalez that he found offensive based on his gender. **Gonzalez Dep. 108:23-25, 109:1-25, 110:1-14.**

30. In January 2004, Equinox hired Guishard as a Maintenance Associate at its Columbus Circle club. **Guishard Dep. 32:13-18, 37:11-22.**

31. Guishard complained about inappropriate behavior in the men's locker, steam and sauna room to Mass and to other managers. **Guishard Dep. 57:5-9.**

32. Guishard resigned from Equinox in May 2005. **Guishard Dep. 88:15-16.**

33. No Equinox manager ever said anything to Guishard that he found offensive based on his gender. **Guishard Dep. 103:18-25, 104:1-2.**

34. In February 2005, Equinox hired Harris to work as a Maintenance Associate at its Columbus Circle club. **Harris Dep. 24:2-3, 26:4-20.**

35. Harris witnessed sexual activities on the part of members in the men's steam room. **Harris Dep. 35:21-25, 36:1-18.**

36. Harris complained to Mass about sexual activities on the part of members. **Harris Dep. 37:18-22.**

37. In July 2005, Harris resigned from Equinox. **Harris Dep. 63:13-19.**

38. No Equinox manager ever said anything to Harris that he found offensive based on his gender. **Harris Dep. 48:3-9.**

39. In February 1999, Equinox hired Vanterpool as a Maintenance Associate at its 63rd Street Club. **Vanterpool Dep. 30:7-17.**

40. Vanterpool witnessed inappropriate activities in the men's locker, steam, and sauna room during his six years at Equinox. **Vanterpool Dep. 48:4-5, 50:19-22, 54:7-11, 65:10-23, 67:3-5, 80:13-17.**

41. On July 8, 2005, Vanterpool resigned his employment with Equinox. **Vanterpool Dep. 103:14-17.**

42. No Equinox manager ever said anything to Vanterpool that he found offensive based on his gender. **Vanterpool Dep. 115:19-22.**

43. Jeff Boyer was the Assistant General Manager at Columbus Circle from January 2004 until February/March 2005. **Boyer Dep.[8] 29:19-25; 30:1-11.**

Dated: New York, New York
November 13, 2007

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
Allan S. Bloom (AB-4125)
Jennifer L. Bartle (JB-3589)
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*

---

[8] "Boyer Dep." refers to the transcript of Jeff Boyer's October 8, 2007 deposition, excerpts from which are attached as Exhibit M to the Bloom Affirmation.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAISIIN BETHEA, FREDDIE GONZALEZ, JASON GUISHARD, OMAR HARRIS, ALEX MASS, and RODNEY VANTERPOOL, individually,<br><br>Plaintiffs,<br><br>- against -<br><br>EQUINOX FITNESS CLUB INC., EQUINOX HOLDINGS, INC., THE EQUINOX GROUP, INC., EQUINOX COLUMBUS CENTRE, INC., BROADWAY EQUINOX, INC., EQUINOX 63RD STREET, INC., EQUINOX WALL STREET, INC., EQUINOX GREENWICH AVENUE, INC., EQUINOX TRIBECA INC., and DENISE BERG,<br><br>Defendants. | 07 Civ. 2018 (JSR) (DCF)<br><br>**CERTIFICATE OF SERVICE** |

The undersigned member of the Bar of this Court hereby certifies that, on November 13, 2007, she caused to be served a true and correct copy of the attached **Statement of Undisputed Material Facts in Support of Defendants' Motion for Summary Judgment**, in the above captioned matter by UPS upon Peter J. Kurshan, Esq., Chase Kurshan Herzfeld & Rubin, LLC, 354 Eisenhower Parkway, Suite 1100, Livingston, New Jersey 07039, the address designated by said attorney for that purpose.

Dated: New York, New York
       November 13, 2007

_____
JENNIFER L. BARTLE

LEGAL_US_E # 77168198.1